Barbara A. Blackburn, Bar No. 253731
bblackburn@littler.com
Douglas L. Ropel, Bar No. 300486
dropel@littler.com
Alan M. Rivera, Bar No. 329147
alrivera@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California  95814
Telephone:   916.830.7200
Fax No.:      916.561.0828

Attorneys for Defendants
ENLOE MEDICAL CENTER AND ANGELA SIDNEY
(erroneously sued as Angela Sydney)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSUP LAL,<br><br>              Plaintiff,<br><br>       v.<br><br>ENLOE MEDICAL CENTER; ANGELA SYDNEY; and DOES 1 through 20, inclusive,<br><br>              Defendants. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT FROM STATE COURT**<br><br>[28 U.S.C. §§ 1331, 1441, 1446] |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendants ENLOE MEDICAL CENTER ("Defendant Enloe") and ANGELA SIDNEY (erroneously sued as Angela Sydney, hereinafter referred to as "Defendant Sidney") remove to this Court the state court action described herein.  Defendant Enloe and Defendant Sidney are hereinafter collectively referred to as "Defendants."  Defendants remove the captioned action from the Superior Court of the State California for the County of Butte.  Removal jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446 based upon the existence of a federal question.

In support of its Notice of Removal of Civil Action, Defendants allege:
NOTICE OF REMOVAL

## I. STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331, and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) because Plaintiff JESSUP LAL's ("Plaintiff") action presents a federal question. As set forth below, this case meets all of the requirements for removal, and is timely and properly removed by the filing of this Notice.

## II. PROCEDURAL HISTORY

2. On or about July 12, 2022, Plaintiff filed a Complaint for Damages ("Complaint") against Defendants and various Doe defendants in the Superior Court of the State of California, Butte County, Case No. 22CV01498 (the "State Court Action"). Declaration of Douglas L. Ropel, ¶ 2.

3. Plaintiff's Complaint alleges the following causes of action: (1) discrimination (race/age); (2) failure to prevent discrimination; (3) wrongful termination in violation of public policy; (4) waiting time penalties; and (5) work environment harassment.

4. On August 3, 2022, Defendants were served with the following documents: (1) Notice and Acknowledgement of Receipt – Civil (Defendant Enloe); (2) Notice and Acknowledgement of Receipt – Civil (Defendant Sidney); (3) Summons; (4) Complaint; and (5) Notice of Assignment and Case Management Conference. True and correct copies of these documents are attached hereto as Exhibit A. Ropel Decl., ¶ 2.

5. Defendant Enloe timely filed its Answer to Plaintiff's Complaint ("Answer") in the Butte County Superior Court on September 1, 2022. A true and correct copy of the Answer is attached hereto as Exhibit B. Ropel Decl., ¶ 3.

6. Defendant Sidney timely filed her Answer to Plaintiff's Complaint ("Answer") in the Butte County Superior Court on September 1, 2022. A true and correct copy of the Answer is attached hereto as Exhibit C. Ropel Decl., ¶ 4.

7. Pursuant to 28 U.S.C. § 1446(a), the exhibits A, B and C constitute all process, pleadings, and orders in the State Court Action received by, or filed by, Defendants.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL

2

### III. TIMELINESS OF REMOVAL

8. This Notice of Removal is timely filed within thirty (30) days after service of the Complaint on Defendants, as required by 29 U.S.C. § 1446(b).

### IV. FEDERAL QUESTION JURISDICTION

9. 28 U.S.C. Section 1331 provides as follows: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

10. This Court has jurisdiction because a federal question exists under Section 301 of the Labor Management Relations Act ("LMRA"), which provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this Act, or between such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a) (hereinafter, "Section 301"). Further, ". . . if the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles -- necessarily uniform throughout the Nation -- must be employed to resolve the dispute." *Lingle v. Norge Division of Magic Chef*, 486 U.S. 399, 405-06 (1988). "The preemptive force of Section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 997 (9th Cir. 1987).

11. Section 301 jurisdiction applies because the Complaint includes a claim that Defendant Enloe violated rights that are created by and/or governed by a collective bargaining agreement. Specifically, and as described further below, Plaintiff's fourth cause of action for wait time penalties is preempted by Section 301 because it alleges a violation of a collective bargaining agreement, specifically the extended sick leave provisions of that agreement, and because the cause of action requires an interpretation of the extended sick leave terms of the collective bargaining agreement ("CBA") in order to determine whether Plaintiff was entitled to payment for his accrued extended sick leave upon termination.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL

3

12. Although other claims in the Complaint are not preempted by Section 301, the entire action is still removable under 28 U.S.C. § 1441(c) pursuant to this Court's supplemental jurisdiction provided by 28 U.S.C. § 1367. This Court has jurisdiction over all of Plaintiff's state law claims, either directly or through the doctrine of supplemental jurisdiction, because all claims in the Complaint are sufficiently related to form part of the same case or controversy.

**A.    The Terms and Conditions of Plaintiff's Employment were Governed by a CBA.**

13. Plaintiff was a union member of Service Employees International Union, United Healthcare Workers - West (the "Union") during his employment with Defendant Enloe. Pl.'s Compl., ¶¶ 20, 60; Declaration of Angela Sidney, ¶ 3. Plaintiff acknowledged his status as a Union member multiple times in his complaint. Plaintiff alleges that on April 7. 2021, he met with Defendant Sidney and "his Union Representative," as part of an investigation into Plaintiff's inappropriate behavior. Pl.'s Compl., ¶ 20. Plaintiff also alleged that he "called his Union Representative" following his July 12, 2021 suspension, and requested that his Union Representative be present for a meeting on his suspension. Pl.'s Compl., ¶ 23. At all times relevant to Plaintiff's alleged claims, the Union has been a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

14. At all relevant times, the terms and conditions of Plaintiff's employment with Defendant Enloe were governed by the collective bargaining agreement entered into by and between the Union and Defendant ("CBA"). Sidney Decl., ¶ 3. At all relevant times, the CBA has been a contract between an employer and a labor organization within the meaning of Section 301(a) of the LMRA, 29 U.S.C. § 185(a). A true and correct copy of the CBA that governed Plaintiff's employment is attached to the Declaration of Angela Sidney, as Exhibit 1. At all relevant times, Defendant Enloe has been a corporate health care institution engaged in commerce and in an industry affecting commerce within the meaning of section 301(a) of the LMRA, 29 U.S.C. §§ 152(2), (6), (7), (14) and 185(a).

**B.    Plaintiff's Fourth Cause of Action is Preempted by the Labor Management Relations Act.**

15. Section 301 of the Labor Management Relations Act establishes federal

NOTICE OF REMOVAL
4

jurisdiction for "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a).  "[E]ven suits based on torts, rather than on breach of collective bargaining agreements, are governed by federal law if their evaluation is 'inextricably intertwined with consideration of the terms of [a] labor contract.'"  *Miller v. AT&T Network Systems*, 850 F.2d 543, 545 (9th Cir. 1988) (citations omitted).  The body of federal common law authorized under LMRA Section 301 completely preempts state law claims based on a collective bargaining agreement. *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 23 (1983) ("[a]ny such suit is purely a creature of federal law, notwithstanding the fact that state law would provide a cause of action in the absence of § 301").

16. The United States Supreme Court has made clear that, where the resolution of state law claims would require the interpretation or application of a collective bargaining agreement, those claims are preempted by Section 301 of the Labor Management Relations Act, 28 U.S.C. § 185, et seq.  See *Lingle*, 486 U.S. at 405-06 ("[I]f the resolution of a state-law claim depends upon the meaning of a collective-bargaining agreement, the application of state law . . . is pre-empted and federal labor-law principles -- necessarily uniform throughout the Nation -- must be employed to resolve the dispute.").  To be sure, "[t]he preemptive force of Section 301 is so powerful as to displace entirely any state claim based on a collective bargaining agreement . . . and any state claim whose outcome depends on analysis of the terms of the agreement." *Young*, 830 F.2d at 997.

17. The present case requires interpretation or application of the meaning of a collective bargaining agreement.  Plaintiff's cause of action for waiting time penalties for failure to pay all wages upon discharge alleges that Plaintiff "had accrued approximately 480 hours of extended sick leave" at the time of his termination and "[p]ursuant Plaintiff's Collective Bargaining Agreement, Plaintiff was entitled to be paid his accrued [extended sick leave] at the time of termination."  Pl.'s Compl., ¶¶ 59-60.

18. Accordingly, before Plaintiff's fourth cause of action can be resolved, the Court must first construe provisions of the CBA in order to determine whether Plaintiff was entitled to a payment of compensation for unused, accrued extended sick leave under the terms of the CBA. Plaintiff's Complaint alleges that he as an employee of Chico Community Hospital from 1981 until

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL

5

June 1998, when he alleges that Chico Community Hospital and Enloe Hospital were "consolidated" to become Enloe Medical Center. Pl.'s Compl., ¶¶ 59-60. Accordingly, the Court will need to determine whether Plaintiff qualified as an employee who "became a regularly scheduled employee of the Employer on or before May 31, 1998" in order to be entitled to payment of accrued extended sick leave at termination, pursuant to Article 16 of the CBA. *See* Sidney Decl., ¶ 3, Exhibit 1. This exercise, of course, makes Defendant Enloe's liability for Plaintiff's state law claim for wait time penalties entirely dependent upon, and inextricably intertwined with, the terms of the CBA. As such, Plaintiff's fourth cause of action is preempted by LMRA Section 301. *Lingle*, 486 U.S. at 413.

19. Furthermore, the failure to allege 29 U.S.C. § 185 as the basis for the Complaint, or even a failure to reference the CBA, does not prevent removal. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("Mere omission of reference to LMRA § 301 in the complaint does not preclude federal subject matter jurisdiction."); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 237 (9th Cir. 1990) ("For preemption analysis, it is not dispositive that [plaintiff's] first amended complaint is framed without reference to the CBA."). Rather, the Ninth Circuit has explained that "preemption is required if [the plaintiff's] claims can be resolved only by referring to the terms of the agreement." *Id.* (citing *Newberry v. Pacific Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988)). The Court properly looks beyond the face of the Complaint, including to facts contained within the Notice of Removal, to determine whether the alleged claims actually require interpretation of a collective bargaining agreement, but have been "artfully pleaded" to avoid federal jurisdiction. See *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003).

20. Because a resolution of Plaintiff's fourth cause of action for waiting time penalties for failure to pay all wages upon discharge is inextricably intertwined with the interpretation of Article 16 of the CBA, this state law claim is "completely preempted" by federal law, and this matter is properly removable pursuant to 28 U.S.C. § 1441. *Lingle*, 486 U.S. at 411; *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220-21 (1985); *Miller*, 850 F. 2d at 551; *Stallcop v. Kaiser Found. Hosp.*, 820 F.2d 1044, 1048-49 (9th Cir. 1987).

21. Accordingly, this case may be removed to this Court by Defendant Enloe pursuant to 28 U.S.C. §§ 1331 and 1441(a) because it is a civil action that arises under the laws of the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

NOTICE OF REMOVAL

6

United States.

## V.   SUPPLEMENTAL JURISDICTION

22.   The remaining claims, all related to Plaintiff's employment with Defendant Enloe and his discharge, are based on the same facts, events, transactions, and occurrences as Plaintiff's waiting time penalties for failure to pay all wages upon discharge claim, and are so related to these claims as to form part of the same case and controversy.  Therefore, the Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

## VI.   VENUE

23.   Venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(b) and 1441(a).  This action was originally brought in the Superior Court of the State of California, County of Butte.  Actions arising in Butte County shall be commenced in the Sacramento Division of the Eastern District.  Eastern District Local Rule 120(d).

## VII.   NOTICE OF REMOVAL

24.   Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, Angela Hooper of Savage, Lamb, Reimer & Hooper, LLP.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Butte.

25.   WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of Butte, to the United States District Court for the Eastern District of California.

Dated: September 1, 2022                    LITTLER MENDELSON, P.C.

*/s/ Douglas L. Ropel*
Barbara A. Blackburn
Douglas L. Ropel
Alan M. Rivera

Attorneys for Defendants
ENLOE MEDICAL CENTER and ANGELA SIDNEY (erroneously sued as Angela Sydney)

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

4895-2008-7597.2 / 054681-1058
NOTICE OF REMOVAL

7