UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Jessup Lal, | No. 2:22-cv-01540-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| Enloe Medical Center, et al., | |
| Defendants. | |

Following the death of plaintiff Jessup Lal, plaintiff's surviving spouse, Sareela Lal, requests substitution in her capacity as the legal representative of the decedent's estate. For the reasons below, the court **grants** Ms. Lal's motion to substitute.

I.  **BACKGROUND**

Jessup Lal brought this employment action against defendants Enloe Medical Center and Angela Sidney in Butte County Superior Court. Compl., Not. Removal, ECF No. 1-1. Defendants removed the case to this court. Not. Removal, ECF No. 1. Shortly after the assigned magistrate judge scheduled the case, *see* Sched. Order, ECF No. 12, defendants notified the court that Mr. Lal had died, Notice of Death, ECF No. 18. Accordingly, the assigned magistrate judge modified the scheduling order and vacated the litigation schedule. Order (Apr. 26, 2023), ECF No. 20.

Mr. Lal's surviving spouse and the special administrator of his estate, Sareela Lal, moves to be substituted as the proper party to proceed as plaintiff. Mot., ECF No. 21. Defendants have filed a statement of non-opposition. Statement, ECF No. 22. The court held a hearing on the matter on June 30, 2023. Hr'g Mins., ECF No. 23. Angela Hooper appeared for plaintiff, and Sareela Lal was also present. Douglas Ropel represented defendant.

## II. MOTION TO SUBSTITUTE PARTY

Under Federal Rule of Civil Procedure 25, if a party dies and their claim remains viable, the court may substitute a proper party, such as the decedent's successor or representative. Fed. R. Civ. P. 25(a)(1). The motion must be filed within 90 days after service of the statement noting the death. *Id.*; *see also Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." *Veliz v. Cintas Corp.*, No. 03-1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008).

Here, Ms. Lal has met all requirements to be substituted as plaintiff. First, Ms. Lal timely moved to substitute: the notice of Mr. Lal's death was filed on March 7, 2023, and Ms. Lal filed her motion on May 23, 2023. *Compare* Notice of Death *with* Mot. Second, as explained in Ms. Lal's motion, California law permits a decedent's personal representative or successor to maintain a cause of action, unless a statute provides otherwise; death does not extinguish a legal claim. Mot. at 5 (citing Cal. Code Civ. Proc. §§ 377.20, 377.30, 377.34, 377.40). Lastly, Ms. Lal is a "proper party" within the meaning of Rule 25 because she was appointed special administrator of Mr. Lal's estate, which expressly includes the power to maintain lawsuits and retain counsel. *See* Order Appointing Special Administrator at 4–6, Hooper Decl. Ex. 1, ECF No. 21-1. As a result, the court **grants** Ms. Lal's motion.

## III. CONCLUSION

As explained above, the court **grants** Sareela Lal's motion to substitute, ECF No. 21.

IT IS SO ORDERED.

DATED: July 5, 2023.

CHIEF UNITED STATES DISTRICT JUDGE