UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Jessup Lal,

Plaintiff,

v.

Enloe Medical Center, et al.,

Defendants.

No. 2:22-cv-01540-KJM-DMC

ORDER

Plaintiff Sareela Lal's attorney moves to withdraw as counsel.  For the reasons below, the court **denies** counsel's motion to withdraw.

I.     **BACKGROUND**

Jessup Lal brought this employment action against defendants Enloe Medical Center and Angela Sidney in Butte County Superior Court.  Compl., Notice of Removal, ECF No. 1-1. Defendants removed the case to this court.  Notice of Removal, ECF No. 1.  Shortly after the assigned magistrate judge scheduled the case, *see* Sched. Order, ECF No. 12, defendants notified the court that Mr. Lal had died, Notice of Death, ECF No. 18.  Accordingly, the assigned magistrate judge modified the scheduling order and vacated the litigation schedule.  Order (Apr. 26, 2023), ECF No. 20.

Mr. Lal's surviving spouse and the special administrator of his estate, Sareela Lal, moved to be substituted as the proper party to proceed as plaintiff.  Mot., ECF No. 21.  At the same time,

plaintiff's attorney moves to withdraw as counsel. *Id.* Defendants have filed a statement of non-opposition. Statement, ECF No. 22. The court held a hearing on the matter on June 30, 2023. Hr'g Mins., ECF No. 23. Angela Hooper appeared for plaintiff, and Sareela Lal was also present. Douglas Ropel represented defendant. At the hearing, the court granted Ms. Hooper one week to submit an *in-camera* declaration explaining why she should be relieved as counsel. Following the hearing, the court granted Ms. Lal's motion to substitute. Prior Order, ECF No. 24.

## II.   MOTION TO WITHDRAW AS COUNSEL

Under this court's local rules, an attorney may not withdraw as counsel leaving the client in propria persona without leave of court. E.D. Cal. L.R. 182(d). Withdrawal is governed by the Rules of Professional Conduct of the State Bar of California. *Id.* Under California Rule of Professional Conduct 1.16, a lawyer may withdraw from representing a client if at least one of ten circumstances are present, including as relevant here, "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively[.]" Cal. R. Prof. Conduct 1.16(b)(4). "The decision to grant or deny a motion to withdraw is within the court's discretion." *Staychock v. Klean Kanteen, Inc.*, No, 17-1012, 2017 WL 6383603, at *1 (E.D. Cal. Dec. 14, 2017) (citing *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009)). Courts consider several factors, "including the reasons for withdrawal, possible prejudice to the client and other litigants, harm to the administration of justice, and possible delay." *Id.* (citation omitted).

Plaintiff's counsel, Angela Hooper, argues it would be unreasonably difficult to carry out the representation effectively because Jessup Lal "has unfortunately passed away." Mot. at 7. Ms. Hooper's declaration filed with the original motion offers no further meaningful insight into the reasons for withdrawal, other than a need to withdraw "due to [Ms. Hooper's] professional considerations," Hooper Decl. at 1, ECF No. 21-1, although this apparent omission was a result of counsel's "intent to disclose the minimum amount of information necessary to protect the confidences of the client," Mot. at 6. At the hearing, the court conducted an in-camera session with Ms. Hooper and Ms. Lal. A week after the hearing, Ms. Hooper filed an *in-camera* declaration explaining her reasons for withdrawal, which are omitted here to preserve confidential

and attorney-client privileged information.  *See* Req. Seal, ECF No. 27; Prior Order (July 13, 2023), ECF No. 26; Sealed Event, ECF No. 28.  After consideration of the full record, the court is not persuaded that continued representation would be "unreasonably difficult," as required by California Rule of Professional Conduct 1.16(b)(4).  Ms. Hooper has been plaintiff's counsel since the lawsuit was commenced in state court.  *See* Compl. at 4.  Although Ms. Lal has consented to counsel's withdrawal, *see* Mot. at 7, all the other factors weigh against withdrawal here: the administration of justice may be harmed given Ms. Lal would proceed without the assistance of counsel, which in turn might result in delay, and Ms. Lal could be prejudiced by the loss of representation.  Counsel's reasons provided in her motion, declaration and *in-camera* declaration do not warrant withdrawal, and in fact suggest several reasons why withdrawal is not supported at this stage, so the court **denies** the motion.

## III.   CONCLUSION

As explained above, the court **denies** counsel's motion to withdraw.

This order resolves ECF No. 21.

IT IS SO ORDERED.

DATED: July 13, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE